IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**SYNOVUS BANK**                                                                                              **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 3:15-CV-612-KS-GMB**

**SCENIC OAKS DEVELOPMENT, LLC, et al.**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Synovus Bank's Motion to Amend [18], Motion for Partial Summary Judgment [23], and Motion to Strike Jury Demand [25]. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that the Motion to Amend [18] and Motion for Partial Summary Judgment are well taken and should be granted. Because of the rulings on these motions, the Court further finds that a ruling on the Motion to Strike Jury Demand [25] should be deferred pending further briefing.

**I. BACKGROUND**

Plaintiff Synovus Bank ("Plaintiff") brings this action to recover an amount owed under a promissory note (the "Note") executed by Defendants Scenic Oaks Development, LLC ("Scenic Oaks"), House Mountain, LLC ("House Mountain"), and Edmund Rasha Cannon, Jr. ("Race Cannon") (collectively "Defendants"). The Note was first executed on June 6, 2013, with an original amount of $6,600,000 and a maturity date of December 30, 2013. After being modified twice, the final outstanding principal of the loan totaled $3,036,956.72, with a final maturity date of July 15, 2015. (Third Extension and Modification Agreement [23-1].) No payment was made when the Note matured. (Complaint [1] at ¶ 12; Answer [7] at ¶ 12.) A letter was sent by Plaintiff on July 28, 2015, demanding full payment of the loan by August 14, 2015, but no payment was

made.  (Complaint [1] at ¶ 13; Answer [7] at ¶ 13.)  Plaintiff filed suit on August 21, 2015.

Plaintiff now seeks leave to amend its complaint and add three defendants, Edmund Rasha Cannon 2013 Irrevocable Trust ("Race Cannon Trust"), Heather Shackleford Cannon 2013 Irrevocable Trust ("Heather Cannon Trust"), and Heather Shackleford Cannon ("Heather Cannon"), and two fraudulent transfer claims.  Plaintiff also seeks summary judgment on its breach of contract claim against Defendants, and has moved to strike Defendants' jury demand based on the waiver of the right to a jury trial found in the Note.  The Court has considered these motions and is now ready to rule.

## II.  DISCUSSION

### A.     Motion to Amend [18]

Federal Rule of Civil Procedure 15(a)(2) instructs the Court to "freely give leave when justice so requires."  A motion to amend, however, "may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."  *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (quoting *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000)).  Plaintiff proposes to amend the complaint in order to add two new claims and three new defendants.  The Motion to Amend [18] was filed on February 15, 2016, a day before the deadline for amended pleadings expired on February 16, 2016.  (*See* Scheduling Order [15].)  Defendants argue that the Court should not allow the amendments because of the undue delay in the filing of this motion, the undue prejudice the amendments would cause them, and because the Court would not have subject matter jurisdiction over the new claims.

Because the Motion to Amend [18] was filed by the deadline set out in the scheduling order, the Court does not find that there has been undue delay in its filing.  *See Loggerhead Turtle v. Cnty.*

2

*Council of Volusia Cnty., Fla.*, 148 F.3d 1231, 1257 (11th Cir. 1998) (holding that a delay in filing a motion to amend was not an "undue delay" when it was filed before the deadline in the scheduling order).

Defendants argue that the new claims are unrelated to the original breach of contract claim and that the original defendants will have their defense of the breach of contract claim "complicated by and intermingled with new defendants defending state law claims." (Response [21] at p. 4.) Because the Court finds that Plaintiffs are entitled to summary judgment on the breach of contract claim, the latter argument is moot. *See infra* II.B. As for the new claims not relating to the breach of contract claim, these claims are for intentional and constructive fraudulent transfer and are premised on the allegations that liquid assets were transferred by Race and Heather Cannon to Race Cannon Trust and Heather Cannon Trust in anticipation of defaulting on the Note. If the Note was not defaulted on, and there was consequently no breach of contract, these claims would have no basis. They are necessarily, then, related to the breach of contract claim. Therefore, no undue prejudice will occur by adding unrelated claims to the litigation because these claims are not unrelated.

Finally, Defendants argue that Plaintiffs' new claims do not meet the jurisdictional amount for the Court's diversity jurisdiction. They argue that these claims seek equitable relief and that Plaintiffs do not show that their amount in controversy exceeds $75,000. As the assets allegedly transferred "caused their total assets to decrease by approximately $19 million dollars and caused their combined net worth to decrease by approximately $17 million dollars," the Court finds that Plaintiffs have satisfactorily pleaded that the threshold of diversity jurisdiction is met. (*See* Proposed Amended Complaint [18-1] at p. 14 ¶ 61.)

Therefore, because the Court also does not find that the amendments are made with undue

delay or that they would unduly prejudice Defendants, the Motion to Amend [18] will be **granted**.

### B. Motion for Partial Summary Judgment [23]

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Eleventh Circuit has held that

> [s]ummary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)) (alteration in original). Defendants have not submitted a response to Plaintiff's Motion for Partial Summary Judgment [23] and have offered no evidence to show that there is any dispute as to any material fact. As such, the Court evaluates only the evidence submitted by Plaintiff in order to determine if it is entitled to judgment as a matter of law on its breach of contract claim.

The Third Extension and Modification Agreement [24-1] establishes that Scenic Oaks, House Mountain, and Race Cannon were all jointly and severally liable as borrowers under the Note and that the maturity date of the Note was July 15, 2015. Defendants admitted that no payment was made on the Note when it matured on this date. (Answer [7] at p. 2 ¶ 12.) Failure to pay constituted an Event of Default under the Note. (Note [1-1] at pp. 1-2.) The Note provides that Plaintiff, as the lender, is entitled to the entire outstanding principal balance of the loan and all accrued but unpaid

interest and charges upon an Event of Default. (*Id.* at p. 4). The Note also states that Plaintiff is entitled to charge interest on the entire unpaid principal at a rate of 16% per annum[1] until the loan is paid in full. (*Id.*) The Note also entitles Plaintiff to collect any reasonable attorney's fees in the event it becomes necessary to employ counsel to collect on the debt. (*Id.* at p. 7.)

There is no dispute that Defendants breached their contract with Plaintiff by failing to make a payment on the loan as obligated by the Note. By law, then, Plaintiff is entitled to a judgment in its favor for the outstanding principal and any accrued interest, as well as attorney's fees associated with the breach of contract claim. As of April 8, 2016, the total outstanding Note balance, including interest, was $3,377,676.19. Attorney's fees amounted to $101,343.22. Again, Defendants have not disputed these amounts.

Therefore, the Court will **grant** Plaintiff's Motion for Partial Summary Judgment [23]. Plaintiff is entitled to the amount of $3,377,676.19 for the total outstanding balance on the Note and $101,343.22 for attorney's fees, plus whatever interest and reasonable attorney's fees Plaintiff has incurred since submission of their motion.

### C.    Motion to Strike Jury Demand [25]

Because the breach of contract claim has been dealt with on summary judgment, the only remaining claims are the fraudulent transfer claims Plaintiff adds in its Motion to Amend [18]. No arguments were made as whether the waiver of the right to a jury applies to these claims. The Court therefore finds that further briefing on this motion is needed. Parties are given **two weeks** from the date of this order to submit their arguments as to why the purported waiver does or does not apply

---

[1] The Note states "the lesser of (i) 16% per annum or (ii) the maximum interest rate that Borrower may by law be required to pay," but Alabama does not limit the interest rate that may be set on loans over $2,000. *See* ALA. CODE § 8-8-5.

to these claims. The Court will **defer** its ruling on the Motion to Strike Jury Demand [25] until these submissions are made.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Amend [18] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment [23] is **granted**. Plaintiff is entitled to the amount of $3,377,676.19 for the total outstanding balance on the Note and $101,343.22 for attorney's fees, plus whatever interest and reasonable attorney's fees Plaintiff has incurred since submission of their motion.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike Jury Demand [25] is **deferred**. Parties are given **two weeks** from the date of this order to submit arguments as to why the purported waiver does or does not apply to these claims.

SO ORDERED AND ADJUDGED this the 23rd day of June, 2016.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE