**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

**SYNOVUS BANK**                                                                  **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 3:15-CV-612-KS-GMB**

**SCENIC OAKS DEVELOPMENT, LLC, et al.**                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court's on its own Order [36] requiring parties to provide additional briefing on Plaintiff Synovus Bank's Motion to Strike Jury Demand ("Motion to Strike") [25]. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that the motion is well taken and should be granted.

**I. BACKGROUND**

Plaintiff Synovus Bank ("Plaintiff") originally brought this action to recover an amount owed under a promissory note (the "Note") executed by Defendants Scenic Oaks Development, LLC ("Scenic Oaks"), House Mountain, LLC ("House Mountain"), and Edmund Rasha Cannon, Jr. ("Race Cannon"). Plaintiff filed suit on August 21, 2015. Plaintiff was granted summary judgment as to the breach of contract claim on June 23, 2016.

Plaintiff sought and was granted leave to amend its complaint in order to add three defendants, Edmund Rasha Cannon 2013 Irrevocable Trust ("Race Cannon Trust"), Heather Shackleford Cannon 2013 Irrevocable Trust ("Heather Cannon Trust"), and Heather Shackleford Cannon ("Heather Cannon") (collectively "Defendants"), and two fraudulent transfer claims. Only these claims and defendants remain pending. These claims allege that Race and Heather Cannon created Cannon Holding, LLC ("Cannon Holding"), and transferred to it all of their ownership interests in Cannon Real Estate Holdings, LLC, Southeastern Mobile Homes, LCC, Cannon Timber

& Land, LLC, and Wittel Dorm, LLC, all of which were listed as assets on the loan documents given to Plaintiff in the execution of the Note. Race and Heather Cannon each received 0.5 Class A unit and 49.5 Class B units in the new Cannon Holding, which were then transferred to the Race Cannon Trust and the Heather Cannon Trust, allegedly to keep them from Plaintiff.

In its previous Order [36], the Court deferred ruling on Plaintiff's Motion to Strike [25] and requested more briefing on the jury demand issue. Plaintiff and Defendants responded to this request on July 7, 2016. Plaintiff filed its response to the Order [36] as a new Motion to Strike [39]. Because the new motion simply reurges the original motion, they shall be considered together. After considering the submissions of the parties, the record, and the applicable law, the Court is now ready to rule on the Motions to Strike [25][39].

## II.  DISCUSSION

Parties disagree over whether federal or state law should be applied in determining whether a right to trial by jury exists in this case. When such a conflict exists, federal courts are instructed to determine "whether a congressional statute or Federal Rule of Civil Procedure covers the disputed issue. If a federal statute or rule of procedure is on point, the district court is to apply federal rather than state law." *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1307 (11th Cir. 2002) (citing *Hanna v. Plumer*, 380 U.S. 460, 469-70, 85 S. Ct. 1136, 1143, 14 L.Ed.2d 8 (1965)) (internal citations omitted). Trial by jury is governed by Federal Rule of Civil Procedure 39, which states that, once a jury trial is demanded by a party, a "trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no *federal* right to a jury trial." Fed. R. Civ. P. 39(a) (emphasis added). Therefore, if no federal right to a jury trial exists on the pending issues in this case, Plaintiff's Motions to Strike [25][39] must be granted.

As this is a claim derived from state statutory law, the only federal right to a jury trial that could be implicated is that derived from the Seventh Amendment. The Seventh Amendment provides a right to a trial by jury in "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable rights were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41, 109 S. Ct. 2782, 106 L.Ed.2d 26 (1989) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)) (emphasis in original). To decide if the Seventh Amendment confers a right to a trial by jury, "[f]irst, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417-18, 107 S. Ct. 1831, 95 L.Ed.2d 365 (1987)).

The first step in the analysis is to determine whether an English court of equity or court of law would have presided over a comparable 18th-century action. The Supreme Court has held the following with regards to fraudulent conveyances:

> If the subject matter is a chattel, and is still in the grantee's possession, an action in trover or replevin would be the trustee's remedy; and if the fraudulent transfer was of cash, the trustee's action would be for money had and received. Such actions at law are as available to the trustee to-day [sic] as they were in the English courts of long ago. If, on the other hand, the subject matter is land or an intangible, or the trustee needs equitable aid for an accounting or the like, he may invoke the equitable process, and that also is beyond dispute.

*Granfinanciera*, 492 U.S. at 44, 109 S. Ct. 2782 (quoting G. Glenn, Fraudulent Conveyances and Preferences § 98, pp. 183-84 (rev. ed. 1940)). Therefore, the first part of the analysis turns on the classification of the interests in Cannon Holding that were allegedly fraudulently transferred—that is, whether these interests are chattel or intangibles. Shares in Cannon Holding are best classified as intangibles. *See California v. Texas*, 437 U.S. 601, 603, 98 S. Ct. 3107, 57 L.Ed.2d 464 (1978)

(classifying shares of stock in a holding company as intangibles) (per curiam).  The first step in the analysis, then, establishes that a court of equity would have heard a comparable action in 18th-century England and weighs against the right to a jury in this action.  *See Granfinanciera*, 492 U.S. at 42-44, 109 S. Ct. 2782.

The second step in the analysis from *Granfinanciera* directs the Court to look at the remedies sought by the plaintiff.  492 U.S. at 42, 109 S. Ct. 2782 (quoting *Tull*, 481 U.S. at 417-18, 107 S. Ct. 1831).  In its Amended Complaint,[1] Plaintiff requests avoidance of the transfers, for the Court to levy execution against the Class B units in Cannon Holding, an appointment of a receiver for these units, disgorgement of assets, and injunctions against further disposition.  These remedies are all equitable in nature and do not support the right to a trial by a jury in this case.  *See Granfinanciera*, 492 U.S. at 42-44, 109 S. Ct. 2782.

Therefore, because the only remedies sought are equitable remedies and because a comparable 18th-century action would be heard in an English court of equity, the Court finds that defendants have no federal right to a trial by jury under the Seventh Amendment.  As such, Plaintiff's Motions to Strike [25][39] must be **granted**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motions to Strike [25][39] is **granted**.

SO ORDERED AND ADJUDGED this the 11th day of July, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff has yet to file its Amended Complaint, though it has been granted leave to do so.